AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

---- OFFENSE CHARGED ----

Count One: 8 U.S.C. §§ 1324(a)(1)(A)(iii) - Harboring illegal aliens for commercial advantage or private financial gain

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Count One: Maximum 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 special assessment; potential deportation

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
AUG 24 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DEFENDANT - U.S
▶ Job Torres Hernandez

DISTRICT COURT NUMBER
CR17-00462 JSW

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
Homeland Security Investigations

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Brian J. Stretch
☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Shailika S. Kotiya

---- DEFENDANT ----

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: No Bail

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: OAKLAND

FILED
AUG 24 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES OF AMERICA,

V.

CR17-00462 JSW

JOB TORRES HERNANDEZ,

DEFENDANT(S).

## INDICTMENT

8 U.S.C. § §1324(a)(1)(A)(iii) and (B)(i) - Harboring Illegal Aliens for Commercial Advantage or Private Financial Gain;
8 U.S.C. §1324(b), 18 U.S. C. § 982(a)(6); 24 U.S.C § 2461(c)- Criminal Forfeiture

A true bill.

_Denise Laws_
Foreman

Filed in open court this 24th day of
August, 2017.

_Jim_ 8/24/17
_Ivy L. Garcia_ Clerk

Bail, $ no bail needed

Document No.
1 CP
District Court
Criminal Case Processing

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2

3

4

5

6

7

FILED
AUG 24 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11 | UNITED STATES OF AMERICA,    ) No. CR17-00462 JSW
12 |     Plaintiff,                )
                                   ) VIOLATIONS:
13 |     v.                        ) 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i) – Harboring
                                   ) Illegal Aliens for Commercial Advantage or Private
14 | JOB TORRES HERNANDEZ,         ) Financial Gain;
                                   ) 8 U.S.C. § 1324(b), 18 U.S.C.§ 982(a)(6); 24 U.S.C.
15 |     Defendant.                ) § 2461(c) – Criminal Forfeiture.
                                   )
16 |_____) OAKLAND VENUE

17                    I N D I C T M E N T

18 The Grand Jury charges:

19 COUNT ONE:       (8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i))

20      Beginning at a time unknown to the Grand Jury, but no later than July 18, 2015, and continuing

21 to the present, in the Northern District of California and elsewhere, the defendant,

22                    JOB TORRES HERNANDEZ,

23 did knowingly and in reckless disregard of the fact that aliens, namely his employees J.O., G.P., J.N.,

24 A.C., J.A., and others, had come to, entered, and remained in the United States in violation of law, did

25 conceal, harbor, and shield from detection such aliens, and attempted to do so, in any place, including

26 any buildings for the purpose of commercial advantage and private financial gain, in violation of Title 8,

27 United States Code, Sections 1324(a)(1)(A)(iii) and (B)(i).

28 //

INDICTMENT

1  FORFEITURE ALLEGATION:    (8 U.S.C. § 1324(b); 18 U.S.C. § 982(a)(6); 28 U.S.C. § 2461(c) –
2                             Criminal Forfeiture)

3     The allegations contained in Count One of this Indictment are incorporated and realleged as if
4  fully set forth here for the purpose of alleging forfeiture pursuant to Title 8, United States Code, Section
5  1324(b), Title 18, United States Code, Section 982(a)(6) and Title 28, United States Code, Section
6  2461(c).
7     Upon a conviction of the offense alleged in Count One of this Indictment, the defendant,
8                             JOB TORRES HERNANDEZ,
9  shall forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b), Title 18,
10 United States Code, Section 982(a)(6), and Title 28, United States Code, Section 2461(c):
11         a.   Any conveyance, including any vessel, vehicle, or aircraft used in the commission
12              of the offense; and
13         b.   Any property, real or personal, that constitutes, or is derived from or is traceable
14              to the proceeds obtained directly or indirectly from the commission of the offense,
15              or that was used to facilitate, or was intended to be used to facilitate, the
16              commission of the offense.
17 If any of the property described in any of the forfeiture allegations above, as a result of any act or
18 omission of the defendant:
19         a.   cannot be located upon the exercise of due diligence;
20         b.   has been transferred or sold to or deposited with, a third person;
21         c.   has been placed beyond the jurisdiction of the Court;
22         d.   has been substantially diminished in value; or
23         e.   has been commingled with other property which cannot be divided without
24              difficulty;
25 the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States
26 Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).
27     All pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code,
28 //

INDICTMENT                                2

Sections 981(d) and 982(a)(6), Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: Aug 24, 2017

A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
United States Attorney

_____
ELISE BECKER
Deputy Chief, Criminal Division

(Approved as to form: _____ )
AUSA SHAILIKA S. KOTIYA

INDICTMENT                                3