BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SHAILIKA S. KOTIYA (CABN 308758)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7443
    Fax: (415) 436-7234
    shailika.kotiya@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOB TORRES HERNANDEZ,<br><br>    Defendants. | Case No. 4:17-CR-00462 JSW<br><br>STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER |

With the agreement of the signatories below, the Court enters the following Protective Order:

    The Indictment in this matter charges Job Torres Hernandez with harboring illegal aliens for commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (B)(i). Pursuant to request for discovery from the defendant and his counsel, the United States intends to produce additional discovery reflecting sensitive information pertaining to alleged victims and witnesses of the criminal conduct.

    In particular, the discovery to be provided includes documents or other materials containing Personal Identifying Information of any individual (other than his or her name), which is defined as any person's date of birth, social security number, alien identification number, taxpayer identification

number, residence address, residence telephone number, personal cellular telephone number, driver's license number, or names of individuals known to be a minor ("Protected Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that the parties shall keep Protected Information confidential and only disclose or use Protected Information as allowed by this Order or further Order of this Court. The government is not required to place labels on discovery materials containing Protected Information for that information to be protected by this Order, but if the government does place labels on discovery materials as being subject to this Order, it shall do so only after determining that such discovery materials contain Protected Information. If the parties disagree with the government's designation of discovery materials as containing Protected Information, they shall attempt to resolve those issues before bringing the matter to the Court for resolution.

**IT IS FURTHER ORDERED** that defense counsel of record, their investigators, assistants, contractors, and employees (collectively, "the defense team") may review with defendants all discovery material produced by the government, but shall not provide defendants with copies of, or permit defendants to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the defense team has first entirely redacted from the discovery materials the Protected Information ("Redacted Discovery Materials"). This Order does not restrict the disclosure or use of Redacted Discovery Materials or discovery materials that do not contain Protected Information. The government and defense counsel are ordered to work together to ensure that the discovery materials containing Protected Information are protected, but that defendants have as much access to such materials as can be provided consistent with this Court's order. Discovery material that pertains to a defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

**IT IS FURTHER ORDERED** that defense counsel may provide unredacted copies of discovery materials containing Protected Information to experts or consultants retained to assist with the preparation of the defense in this case. Any experts or consultants who receive discovery materials containing Protected Information under this Order shall be provided a copy of this Order along with

those materials and shall initial and date the Order reflecting their agreement to be bound by it. A copy of the initialed Order shall be maintained by the defense counsel who retained the expert or consultant.

**IT IS FURTHER ORDERED** that discovery materials containing Protected Information may only be used for the purpose of preparing or presenting a defense in this matter and related proceedings, and may not be used for other purposes. Further, unless authorized by this Court, discovery materials containing Protected Information may not be disseminated to the media or other third parties (*i.e.*, any person who is not a member of the defense team), including defendant's family members.

This Order shall also apply to any copies made of discovery materials containing Protected Information and covered by this Order.

**IT IS FURTHER ORDERED** that the parties shall comply with Fed. R. Crim. P. 49.1 and, if a party files a pleading that references, contains, or attaches Protected Information subject to this Order, that filing must be under seal.[1] Nothing in this Order shall be deemed to prevent the parties from introducing documents containing Protected Information into evidence at the trial of this matter, or from otherwise using Protected Information at the trial of this matter, subject to any pretrial order issued by the Court.

**IT IS FURTHER ORDERED** that defense counsel shall return to the United States or destroy discovery materials containing Protected Information (including any copies thereof, but, for the avoidance of doubt, not including Redacted Discovery Materials) within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. The United States will maintain a copy of discovery materials containing Protected Information and subject to this Protective Order until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.

If any defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials containing Protected Information

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return to the United States or destroy the documents and materials containing Protected Information and subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.

This stipulation is without prejudice to any party applying to the Court to modify the terms of the Order. Defendants Gaither, Mohammed, and any future co-defendants may become parties to this Order by filing an appropriate stipulation. This Court shall retain jurisdiction to modify this Order upon motion of any party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

Dated: September 20, 2017

BRIAN J. STRETCH
United States Attorney

/s/
SHAILIKA S. KOTIYA
Assistant United States Attorney

Dated: September 27, 2017

/s/
JESSE J. GARCIA
Counsel for Job Torres Hernandez

**IT IS SO ORDERED.**

Dated: October 4, 2017

HON. JEFFREY S. WHITE
United States District Judge