```
                    UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA   ORIGINAL
Before The Honorable JEFFREY S. WHITE, Judge

UNITED STATES OF AMERICA,    )    Status Conference
                             )
          Plaintiff,         )
                             )
   vs.                       )    NO. CR 17-00462 JSW
                             )
JOB TORRES HERNANDEZ,        )    Pages 1 - 17
                             )
          Defendant.         )    Oakland, California
_____)    Tuesday, February 13, 2018
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

```
For Plaintiff:           Brian J. Stretch, Esq.
                         United States Attorney
                         450 Golden Gate Avenue
                         San Francisco, California  94102
                     BY: RAVI T. NARAYAN,
                         ASSISTANT UNITED STATES ATTORNEY




For Defendant:           Garcia, Schnayerson & Thompson
                         225 West Hinton Avenue, Suite 208
                         Hayward, California  94544
                     BY: JESSE J. GARCIA, ATTORNEY AT LAW




Reported By:             Raynee H. Mercado
                         CSR. No. 8258
```

   Proceedings reported by electronic/mechanical stenography; transcript produced by computer-aided transcription.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

```
 1  Tuesday, February 13, 2018                            1:48 p.m.
 2                        P R O C E E D I N G S
 3          THE CLERK:  Calling case No. CR-17-462, United States
 4  versus Job Torres-Hernandez.
 5      Counsel, please step forward to the podiums and state your
 6  appearances.
 7          MR. NARAYAN:  Good afternoon, Your Honor.  Ravi
 8  Narayan for the United States.
 9          THE COURT:  Good afternoon.
10          MR. GARCIA:  Good afternoon, Your Honor.  Jesse
11  Garcia appearing with the defendant Mr. Torres.
12          THE COURT:  Good afternoon.
13      Hello, Mr. Torres.  How are you, sir?
14          THE DEFENDANT:  Good, sir.
15          THE COURT:  Very well.
16      All right.  So we're here for a status.
17      What is the -- Mr. Garcia, what's status of the case and
18  what are you requesting?
19          MR. GARCIA:  Well, the court -- I wouldn't expect the
20  court to recall, Your Honor, but on the last occasion that we
21  were here for status, the AUSA at the time had indicated that
22  they were prepared to turn over some electronic devices and,
23  and they had completed their analysis of that material and
24  that the other would be forthcoming.  We've yet to receive
25  anything.
```

1  More recently, we have a new U.S. attorney on the case
2  that was just identified to me at the end of January.  And I'm
3  told that it's going to take at least another month to a month
4  and a half to get any of that discovery that we've been
5  previously promised.
6  In addition, Your Honor, there are roughly eight boxes of
7  materials that were -- that belonged to my client that were
8  recovered from his properties at the time of his arrest during
9  the execution of some search warrants.  I've made a request
10 for those materials to be copied and delivered to me.
11 **THE COURT:**  All right.  Well, let me turn to
12 government counsel.  So I take it, Counsel, that Ms. -- AUSA
13 Kreuzkamp is no longer on the case.
14 **MR. NARAYAN:**  That's correct, Your Honor.
15 **THE COURT:**  All right.  Well, what -- so
16 Mr. Garcias's recollection is correct.  I'm looking at the
17 minutes, and -- of the last hearing which was November 7th,
18 2017.  And at that status conference, counsel was directed
19 resubmit the stipulation and proposed order for exclusion of
20 time as the proposed request submitted was confusing.
21 Has that occurred?
22 **MR. NARAYAN:**  I'm sorry, Your Honor?  Has what
23 occurred?
24 **THE COURT:**  Has what occurred is what I just read,
25 which is that the request for a stipulation and order with

1  respect to Speedy Trial Act was confusing to the court and the
2  court ordered a updated order.  Was that -- was that done
3  pursuant to the court's order?
4          **MR. NARAYAN:**  Yes, Your Honor.  I believe that was
5  done at Document 25.
6          **THE COURT:**  All right.  Very well.
7      And then the next thing that -- what happened was it says
8  that some electronic discovery submitted to defendant's
9  counsel has been found to be corrupted.  And the government is
10 attempting to rectify the problem and submit the discovery to
11 defense counsel, and the case was then continued to today.
12     I'd like to know what's happened in the interim.  It's
13 very unusual for the U.S. Attorney to delay discovery and not
14 move a case along.
15         **MR. NARAYAN:**  Absolutely, Your Honor.  So with
16 respect to that discovery that was corrupted, that discovery
17 was reproduced on November 9th of 2017 to Mr. Garcia in a
18 different form.
19     That discovery is the discovery on which the indictment
20 was based, so those are reports from throughout 2016, 2017.
21 That's approximately 3500 pages of documents that was
22 produced, copies to Mr. Garcia, on November 9th of 2017.
23     What Mr. Garcia has referenced were items seized during a
24 search warrant at multiple locations that was actually
25 executed after the return of the indictment in this case.

1     So the discovery that's already been produced is
2 pre-indictment discovery.  The seizure of the electronic
3 devices and documents relates to what was seized during a
4 search warrant after indictment.  I'm happy to provide the
5 court an update on -- on that other piece of search warrant
6 discovery as well.
7     **THE COURT:**  Well, I would like to know because what I
8 care about is any discovery to which the defendant is entitled
9 under any theory, i.e., obviously, if it's -- if it's *Brady*
10 material, you're required to submit it on a -- and I require
11 it on a timely basis.
12     Anything that the -- that may have -- the government may
13 use during trial is certainly of that ilk.  There may be other
14 matters such as Jencks or other bases for discovery -- Rule 16
15 discovery as to which the defendant is entitled, so just
16 because it's, quote, unquote, post-indictment does not mean
17 that the defendant is not entitled -- so I would like to know
18 what -- what those -- what that consists of, that
19 post-indictment material and what the basis, if any, is to
20 withhold that from the defendant.
21     **MR. NARAYAN:**  Yes, Your Honor.  Happy to address both
22 of those questions.
23     So the discovery seized are -- or excuse me -- the items
24 seized during the search warrant include approximately 35
25 electronic devices and then approximately 8 boxes of

information.

So the 35 electronic devices turned out to contain about 18 terabytes of data, which is a very significant volume of data for the agents to go through.

So as the court is certainly aware, Attachment C to the original search warrant provided protocol, the time periods in which the government was permitted to review that information.

So the initial time periods in the warrant were 60 days to image the devices if taken offsite and then 120 days to conduct a forensic review of that data.

When we started to reach the end of the 60 days, which is after the last appearance before this court, the government went to Judge Corley with a request for a 60-day extension indicating that when the agents started to go through the devices and the amount of data on the devices became apparent, it became apparent to the agents and the government that additional time was needed simply to conduct the volume of the imaging. So Judge Corley granted an extension through December.

The imaging of the devices, that 18 terabytes, was completed in December within that 60-day period.

The other search protocol, the 120 days for forensic review is the actual process of looking through what's in that 18 terabytes of data, determining what's pertinent and what isn't pertinent.

1          When the -- given the volume of data thereto, the
2  government went to Judge James early in January, and she
3  granted a 60-day extension of the forensic review period for
4  the 18 terabytes of data, given the volume of data and just
5  the amount of time it takes the agents to go through it.
6          So that period of time is set to run on March 9th of 2018.
7  I have consulted with Homeland Security Investigations to get
8  an update on that.  They are optimist that that process can be
9  completed within the first extension period from the period
10 authorized in the warrant.
11         So what that would involve is the 18 terabytes of the
12 data, determining what's pertinent, and then making a copy of
13 what that pertinent data is, producing it to the defense in
14 discovery, and then returning all of the devices from which
15 the images were made.
16         And so that's --
17         **THE COURT:**  So just to put a date on when the last
18 process that you described of ferreting out what the
19 government deems to be relevant and -- and discoverable in
20 this current case, when will that occur?
21         **MR. NARAYAN:**  The agents are optimistic it can be
22 completed by March 9th of 2018, which is the current date
23 authorized by the Judge James.
24         **THE COURT:**  All right.
25         What do you have to say, Mr. Garcia?

1   **MR. GARCIA:** I'm unaware of the order of Judge James,
2   Your Honor.
3   **THE COURT:** Well, you wouldn't necessarily because
4   it's -- it's not in these proceedings. You may ultimately be
5   entitled to discovery of those to the extent that you want to
6   make any contention with respect to those documents. But I'm
7   asking, in light of what the government just represented, what
8   would the defendant like the court to do?
9   **MR. GARCIA:** Well, I don't know that the government
10  is asking for anything in particular except an extension to
11  comply with the Rule 16 and other discovery protocols.
12  **THE COURT:** Right.
13  **MR. GARCIA:** And given that representation -- my
14  concern is, Your Honor, on the last occasion of our visiting
15  this court for purposes of status, I was told that all I
16  needed to do was call the case agent and they were prepared to
17  give me materials at that time.
18      I've called the case agent. The case agents never
19  returned any of my phone calls. And when I -- and when I
20  emailed the -- Ms. Kreuzkamp, Ms. Kreuzkamp was kind enough to
21  respond to my email indicating that they were still working on
22  it.
23  **THE COURT:** But I want to get more detail about what
24  the "it" is that they're working on.
25      In other words, the government just represented to the

1  court that all of the -- excluding for the moment what they
2  call the post-indictment documents from these searches,
3  et cetera, that they have provided all of the Rule 16
4  discovery to you, which was based on the so-called corrupted
5  media that I was presented -- told about in November.
6      Are you saying that that did not happen?
7           **MR. GARCIA:**  No, I did receive -- Ms. Kreuzkamp sent
8  me media that was not corrupted and was searchable.
9           **THE COURT:**  All right.  So the question is, what is
10 it that you would like from --
11          **MR. GARCIA:**  There are -- there are additional
12 materials that were recovered from my client's place of
13 business and residence that consists of, among other things,
14 timecards, that sort of thing, that are relevant to these
15 proceedings.
16     I have inquired of those materials.  Counsel has indicated
17 that I'm free look at them, but they're not prepared to copy
18 them.
19          **THE COURT:**  Counsel?
20          **MR. NARAYAN:**  Yes, I'm happy to address that as well.
21     So in the -- in the letter provided to Mr. Garcia on
22 October 2nd, we indicated "the government will make available
23 for your inspection any item of evidence referred to in the
24 reports as well as any other evidence seized from your
25 client."

1     What's been made reference to here are approximately eight
2  boxes of -- what the agents indicate are irregularly sized
3  items, so they're things that were seized from the warehouse
4  such as actual hard time cards, other physical evidence in
5  office spaces and things like that, that the agents advise
6  don't lend themselves to scanning and typical digitization.
7     So what the government indicated is that Mr. Garcia is
8  free to, since any time after October 2nd of last year, to
9  come and look at those devices -- or come -- excuse me -- come
10 and look at those documents to inspect them and we could
11 proceed from there.
12         **THE COURT:**  Well --
13              (Simultaneous colloquy.)
14         **THE COURT:**  Excuse me.  There's a little bit of
15 chicken-and-egg problem here, which is have you gone through
16 every one of those documents -- you or the agent gone through
17 every one of those documents to determine whether they are
18 producible or discoverable by -- producible to or discoverable
19 by the defendant?
20         **MR. NARAYAN:**  The agents have gone through those
21 documents.  I have talked about that with the agents.
22    One of the -- the thoughts is that a lot of the items in
23 the boxes may be duplicative of what's in the defendant's
24 electronic devices.  And so we can get a better sense of what
25 is independently relevant to the government's case-in-chief in

1  the boxes once the forensic review of the data is complete and
2  we can make a production of things from the -- the search
3  warrant overall.
4      **THE COURT:** All right.
5  Mr. Garcia?
6      **MR. GARCIA:** Well, my difficulty with that
7  methodology, Your Honor, is that it -- it limits, as I
8  understand it, his interpretation of Rule 16 to what the
9  government intends to produce in their case-in-chief.
10  And I've never understood Rule 16 to contemplate that I'm
11  limited in my discovery parameters to what the prosecution
12  intends to produce in their case-in-chief.
13      **THE COURT:** Well, that's not what I heard Counsel
14  say. But, obviously, there are relevance issues with respect
15  to -- just because a document was seized from your client
16  doesn't necessarily mean it is properly within Rule 16.
17  Would you agree with that?
18      **MR. GARCIA:** Well, Your Honor, Rule 16(a)(1)(E)
19  indicates that if the item was obtained from or belongs to the
20  defendant, that I'm entitled to it.
21      **THE COURT:** All right. What do you have to say about
22  that?
23      **MR. NARAYAN:** Your Honor, Rule 16 indicates that the
24  government must make them available for inspection, which the
25  government has.

1    What we're talking about is a different issue of seizing
2    items, making them available for inspection, and then
3    digitizing them in some way that they could be provided in
4    Bates stamp form.
5        We've made them -- all of that available since October of
6    last year.
7            **THE COURT:** All right. Well, that's not working --
8    that's not going to work at all. The government's going to
9    copy those -- the government has the resources. We're not
10   going to do a data dump here. I don't allow it in civil
11   cases, and I'm certainly not going to allow it in criminal.
12       So I'm going to give you a deadline by which to digitize
13   every one -- every piece of paper seized from the defendant.
14       It is not fair, you know, to have defense lawyer have to
15   go through those things. It's bad enough in civil cases, but
16   then they have myriads of lawyers and paralegals and
17   high-priced people.
18       I'm not saying you're not a high-priced person,
19   Mr. Garcia.
20           **MR. GARCIA:** I'm low-budget, Judge.
21           **THE COURT:** You are.
22       Well, so I -- I would like those copied within 30 days.
23   Every single document, digitized, copied. This case has gone
24   on too long. What the government did afterwards as far is
25   their -- it's the right of the executive branch to do, but

1  it's not going to interfere with my case.
2       So 30 days from today, Ms. Ottolini?
3           **THE CLERK:**  March 15th.
4           **THE COURT:**  I want every one of those documents
5  produced in producible form to the defendants.
6       And then you're saying March 9th is the date when the
7  imaging and the -- the scrutiny of those other documents will
8  be done?
9           **MR. NARAYAN:**  That's right, Your Honor.  Judge James
10 granted a 60-day extension on January 9th, which would run on
11 March 9 --
12          **THE COURT:**  All right.  So by the same date, I want
13 those documents that you find -- that you've gone
14 through reproduced to the other side.
15          **MR. NARAYAN:**  The same, the -- 30 days from today?
16          **THE WITNESS:**  Correct.  Yes.
17          **MR. NARAYAN:**  Understood, Your Honor.
18          **THE COURT:**  I want all those documents.
19      And if there's any other materials, Mr. Garcia, that you
20 think -- other than the categories that the court has now
21 ordered, you should send a letter to the government so that I
22 can rule on if there's -- you know, obviously, you should meet
23 and confer, as I know you will, to try, again, informally --
24      And, again, if the defense counsel is told to deal with
25 the agent, then the agent needs to be responsive; otherwise,

1    it's your obligation, Counsel, to make sure that you discharge
2    your obligation as a -- on behalf of the government.  So I
3    don't want that to happen again.
4         So if -- after meeting and conferring, Mr. Garcia, you
5    don't get everything that you believe you're entitled to and
6    the rules allow, you should send a letter to the government.
7    If you feel you do not get satisfaction, we're going to have a
8    status and you tell me, and then I will determine whether to
9    issue some orders here, 'cause the case will move forward the
10   Speedy Trial Act and the Constitution require it, and that's
11   what I'm going to do.
12        And I don't -- I don't ever accept, within reason, the
13   government saying, well, you know, we're going to let the
14   defendant inspect the materials; we're not going to make
15   copies.  No, no.
16        The rule requires it.  It doesn't say -- it says inspect
17   and copy.  The court has the discretion to assist both sides,
18   certainly the defendant, and so that's we're going to do.
19        So what I'm going to do is after that 30 days, within two
20   weeks thereafter, I'm going to have another status.  And I
21   expect to see full and literal compliance with the court's
22   orders.
23        And -- and on -- and you know, Mr. Garcia, that I expect
24   you to cooperate as best you can in asking them for what you
25   want.  You're going to be given a lot of documents -- be

1  careful what you wish for 'cause you're going -- you are going
2  to get a data dump, but you're going to get it in at least a
3  form that's going to be yours.
4         **MR. GARCIA:**  Yes.
5         **THE COURT:**  And then at the next status, you're going
6  to tell me, okay, they've now given my all the stuff.  I need
7  "X" period of time to go through it and determine what I need,
8  you know, additional or to basically digest that material and
9  then we'll move the case on to motions and the like.
10        **MR. GARCIA:**  If I may, Your Honor, rather than two
11 weeks after the compliance date, could I have three weeks
12 because two weeks will put me right into spring break with my
13 children.
14        **THE COURT:**  Okay.  And I think it's probably best for
15 the process and for the government to give you an extra week
16 so let's make three weeks, Ms. Ottolini, after the 30 days.
17        **THE CLERK:**  April 3rd at 1:00 p.m.
18        **MR. GARCIA:**  Oh, four weeks, judge.
19        **THE COURT:**  Please don't call me "judge."  I don't
20 like --
21        **MR. GARCIA:**  Your Honor, I'm sorry.
22        **THE COURT:**  So that would be the 10th.
23        **THE CLERK:**  Yes.
24        **THE COURT:**  Will your children be done with --
25        **MR. GARCIA:**  Yes, Your Honor.

1    **THE COURT:** I know they have a lot of breaks these
2    kids these days, but that would be pretty long.  All right.
3        **MR. GARCIA:** There is one other item.
4        **THE COURT:** Yes.
5        **MR. GARCIA:** In addition to the hard drives that
6    these electronic devices -- these are all -- many of these
7    pieces are component parts of the equipment -- CNC equipment
8    that defendant has that were attached to his manufacturing
9    equipment.  He's not able to work without the -- without the
10   entirety of this equipment that was removed returned.
11      So I would ask for a further order -- that when they're
12   done analyzing the disks, that they return those materials.
13       **THE COURT:** All right.  When you were saying,
14   Counsel, that you would return, quote, unquote, devices, are
15   you going to be returning the equipment the defendant needs to
16   earn a living industrial equipment?
17       **MR. NARAYAN:** I'm not sure I understand --
18       **THE COURT:** Okay.  That's why you need to meet and
19   confer --
20                (Simultaneous colloquy.)
21       **THE COURT:**  -- any equipment unless it's contraband,
22   it ought to be returned to the defendant, period, within that
23   30-day period as well.  So I'm ordering the government to do
24   that unless there's a good reason such as it contraband or
25   something else that is a good reason for not just returning

```
1    his property to him so he can earn a living.
2         All right.  Now, let me -- do you agree, Mr. Garcia, that
3    this time should be excluded?
4              MR. GARCIA:  I do, Your Honor.
5              THE COURT:  Effective preparation.
6         Counsel?  Yes?
7              MR. GARCIA:  Yes.
8              THE COURT:  All right.  Would you prepare the
9    appropriate stipulation and order excluding this amount of
10   time between now and the next calling of the case.
11             MR. NARAYAN:  Yes, Your Honor.
12             THE COURT:  Thank you very much.
13        Anything else from the government?
14             MR. NARAYAN:  No, Your Honor.
15             THE COURT:  All right.
16             MR. GARCIA:  No, thank you.
17             THE COURT:  All right.  Thank you.
18        Thank you, sir.
19             THE DEFENDANT:  Thank you.
20             (Proceedings were concluded at 2:07 P.M.)
21                            --o0o--
22
23
24
25
```

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Friday, November 1, 2019

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*